**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
YANIQUE THOMPSON and SELEMENG
MOLUPE,

                              Plaintiffs,            **REPORT AND RECOMMENDATION**

        -against-                                    18-cv-6 (AMD) (ST)

HYUN SUK PARK, individually,

                              Defendant.
-----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

        Before the Court is a Motion for Default Judgment referred to the undersigned. Plaintiffs

allege that Defendant violated various provisions of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") during Plaintiffs' employment as

store clerks at his beauty supply store.

        Because Plaintiffs have not adequately pleaded facts demonstrating that their employment

is covered under the FLSA, the Court respectfully recommends that the Motion for Default

Judgment be DENIED without prejudice, but that Plaintiffs be given thirty (30) days to file an

amended complaint.

## BACKGROUND

        Plaintiffs worked at Park's Beauty Supply, located at 205-15 Hillside Avenue, Hollis, NY

11423. Compl., ECF No. 1 ¶ 11.[1] The only description of Plaintiffs' positions contained in the

Complaint indicate that they served "as store clerks and in other job functions related to

Defendant's beauty store operation." *Id.* Additionally, in nearly identical declarations submitted

---

[1] The Complaint at times refers to Plaintiffs' place of employment as "Park's Beauty
Supply," *see* Compl. ¶ 11, and at others as "Parks Beauty Supply," *see* Compl. ¶¶ 31-33. The Court
will refer to it as the former.

to the Court in connection with their Motion for Default Judgment, each Plaintiff avers that she "worked as store attendant [sic]." Thompson Decl., ECF No. 12-5 ¶ 5; Molupe Decl., ECF No. 12-6 ¶ 5. Plaintiff Thompson states that she "was responsible for various tasks, including cleaning the store, customer service, and restocking shelves." Thompson Decl. ¶ 5. Plaintiff Molupe states that she was responsible for these same duties and additionally for "working the cashier [sic]." Molupe Decl. ¶ 5.

Plaintiffs sue Defendant individually, indicating that he owned and controlled Parks Beauty Supply and had the capacity to set the wages, hours, and responsibilities of Plaintiffs. Compl. ¶ 10; Thompson Decl. ¶¶ 3-5, 7; Molupe Decl. ¶¶ 3-5, 7.

Plaintiffs initiated this action on January 2, 2018. In the Complaint, Plaintiffs brought claims for (i) failure to pay overtime compensation in violation of the FLSA (Compl. ¶¶ 34-41) and the NYLL (*id.* ¶¶ 50-59); (ii) failure to pay minimum wage in violation of the FLSA (*id.* ¶¶ 42-49) and the NYLL (*id.* ¶¶ 60-67); (iii) failure to pay the "spread of hours" rate in violation of the NYLL as implemented through 12 NYCRR § 146-1.6 (*id.* ¶¶ 68-73); and (iv) failure to provide wage notices and wage statements in violation of the NYLL (*id.* ¶¶ 74-89).

Plaintiffs served Defendant on January 25, 2018. Summons Returned Executed, ECF No. 6. Defendant failed to submit an answer, and Plaintiffs obtained a certificate of default from the Clerk of Court against him on March 20, 2018. *See* ECF No. 9. Plaintiffs submitted a motion for default judgment, including supporting evidence, on May 8, 2018. *See* ECF Nos. 11-13. The Honorable Ann M. Donnelly then referred the motion to the undersigned for a Report & Recommendation. *See* Order dated May 9, 2018.

**DISCUSSION**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153

(E.D.N.Y. 2010) (internal quotation marks and citations omitted), *adopted by*, 688 F. Supp. 2d 150, 151 (E.D.N.Y. 2010).

## I.   Whether Defendant was Plaintiffs' employer under the FLSA

### A.  Legal standard

The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers. *See Sandifer v. U.S. Steel Corp.*, 134 S.Ct. 870, 875 (2014). To demonstrate entitlement to the FLSA's wage and overtime protections, a plaintiff must show: (1) that the defendant employed plaintiff; and (2) that the employment fell under the FLSA's individual or enterprise coverage provisions. *See Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96-97 (2d Cir. 2009) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 295 n.8 (1985)); *see also* 29 U.S.C. § 206(a)(1) (providing for minimum wage for qualifying employees); *id.* § 207(a)(1) (providing for overtime protection for qualifying employees).

As to whether the defendant is the plaintiff's "employer" within the meaning of the statute, there is "no rigid rule for the identification of an FLSA employer." *Teri v. Spinelli*, 980 F. Supp. 2d 366, 374-75 (E.D.N.Y. 2013) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008)). Rather, the touchstone in determining whether an individual is an employer is "operational control" over employees, meaning whether the individual exercises control over and makes decisions that "directly affect the nature or conditions of the employees' employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013).

Nevertheless, the Circuit has provided a "'nonexclusive and overlapping set of factors' to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Teri*, 980 F. Supp. 2d at 374-75 (citing *Barfield*, 537 F.3d at 143). Specifically, under the formal control test,

the following factors are relevant to determine whether an individual-defendant employed the plaintiff: whether the defendant "(1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Irizarry*, 722 F.3d at 103-05 (citing *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). Despite these enumerated factors, however, a district court should consider any factor relevant to its assessment of the economic realities of an employer-employee relationship. *See Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir. 2003).

### B.  Plaintiffs have established that Defendant was their employer

Plaintiffs' allegations are sufficient to show that Defendant Hyun Suk Park was their "employer" within the meaning of the FLSA. The Complaint contains the following allegations in support of this claim:

> Upon information and belief, Defendant Hyun Suk Park is or was an officer, director, shareholder, and/or president or vice president of Parks Beauty Supply and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.
>
> . . . .
>
> Upon information and belief, Defendant Hyun Suk Park is or was a supervisor, officer and/or agent of Parks Beauty Supply, who acted directly or indirectly in the interest of Parks Beauty Supply, and is or was an employer within the meaning of the Fair Labor Standards Act.

Compl. ¶¶ 31, 33.[2] Additionally, in their declarations submitted in support of their Motion for Default Judgment, Plaintiffs aver (i) that "it was Mr. Park who hired [them] and told [them] how much [they were] going to be paid," (ii) that Mr. Park "direct[ed]" their tasks as store attendants,

---

[2] These and similar allegations are repeated at other points in the Complaint, as well. *See* Compl. ¶¶ 9-11, 13, 38, 45, 54.

(iii) that "Mr. Park was responsible for telling [them their] weekly schedule[s]," and (iv) that they were "paid in cash by Mr. Park or by personal check from Mr. Park's company 'Sarpo Inc.'" *See* Thompson Decl. ¶¶ 3, 5, 7, 10; Molupe Decl. ¶¶ 3, 5, 7, 10. Both also aver that "Mr. Park did not even record the hours that [they] worked." Thompson Decl. ¶ 10; Molupe Decl. ¶ 10.

The Court finds that these allegations are sufficient to conclude that Defendant was the employer of Plaintiffs within the meaning of the FLSA. Plaintiffs' averments track the factors for establishing formal control closely, which has been repeatedly found sufficient to establish that the defendant was plaintiffs' employer at the default judgment stage. *See, e.g.*, *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 WL 6674583, at *8 (E.D.N.Y. Nov. 25, 2014); *Peralta v. M & O Iron Works, Inc.,* 12–CV–3179 (ARR), 2014 WL 988835, at *5 (E.D.N.Y. Mar. 12, 2014). The only exception is that Plaintiffs do not allege that Defendant "maintained employment records," *Irizarry*, 722 F.3d at 105, in their declarations. They do, however, allege that he failed to do so, which explains why they have not made this allegation. Finally, the Court notes that although the formal control factors are only alleged "[u]pon information and belief" in the Complaint, they are also contained in Plaintiffs' declarations. *See Cordero v. Collection Co.*, No. 10-CV-5960 (SJ) (VVP), 2012 WL 1118210, at *1 (E.D.N.Y. Apr. 3, 2012) (noting that declarations submitted with motion for default judgment may be considered incorporated by reference into complaint). As such, the Court recommends finding that Defendant employed Plaintiffs.

## II.    Whether Plaintiffs' employment is covered by the FLSA

### A.  Qualifying employment—enterprise coverage and individual coverage

If the Court finds that the defendant acted as Plaintiffs' employer, the Court must then determine whether Plaintiffs' employment is covered under the FLSA. The FLSA's minimum

wage and overtime requirements provide coverage to those "employees who . . . [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." *Shim v. Millennium Group,* No. 08–CV–4022 (FB) (VVP), 2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009). "The two categories are commonly referred to as 'individual' and 'enterprise' coverage, respectively." *Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (per curiam); *accord Xiao Dong Fu v. Red Rose Nail Salon*, 2017 WL 985893, at *5 (S.D.N.Y. Mar. 13, 2017).

As discussed below, Plaintiffs have not pleaded sufficient facts to establish that their employment meets the requirements for enterprise coverage or individual coverage.

### B. Plaintiffs have not established enterprise coverage

To establish enterprise coverage, the plaintiff must demonstrate that he was employed by an enterprise which is defined under the FLSA as one wherein "(1) employees engaged in commerce or in the production of goods for commerce, or employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and (2) [that] has no less than $500,000 in annual gross volume of sales made or business done." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010) (quoting 29 U.S.C. § 203(s)(1)(A)). The Court finds that Plaintiff has met neither of these prongs and therefore has not established enterprise coverage.

With regard to whether Plaintiffs have established that they were employed by an "enterprise engaged in commerce or in the production of goods for commerce," the Court first notes that Plaintiffs have taken an unusual tack here by suing *only* Mr. Park individually. It is well established that the individual owner of an establishment or enterprise may be held jointly and severally liable for wage and hour violations under the FLSA. *See Fermin v. Las Delicias Peruanas*

*Rest., Inc.*, 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015). Plaintiffs have not, however, cited any precedent suggesting that they may avail themselves of the remedies of the FLSA under a theory of enterprise coverage where the only alleged employment relationship is between Plaintiffs and an individual.

Mr. Park himself is not an enterprise within the meaning of the FLSA. This Court is not aware of any decision, from within this Circuit or elsewhere, in which a court has held that an individual person can constitute an enterprise under the FLSA. The applicable regulations provide that an enterprise consists of one or more "establishments," which are defined as physical places of business. *See* 29 C.F.R. § 779.203 ("Distinction between "enterprise," "establishment," and "employer.") ("The term establishment means a distinct physical place of business . . . . [An] enterprise may consist of a single establishment which may be operated by one or more employers; or it may be composed of a number of establishments which may be operated by one or more employers."). The FLSA itself defines an enterprise as "related activities performed (either *through unified operation or common control*) by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1) (emphasis added). Mr. Park is not subject to "unified operation or common control." Plaintiffs therefore cannot establish enterprise coverage by virtue of Mr. Park's status as their employer.

As a retail store, Park's Beauty Supply would likely meet the definition of an enterprise. However, Plaintiffs have not sufficiently alleged that Park's Beauty Supply, which is not a defendant in this action, was Plaintiffs' employer.[3] Plaintiffs allege that "Defendant [Park]

---

[3] It is questionable whether Plaintiffs could establish enterprise coverage by simply alleging that Park's Beauty Supply was their employer without actually *suing* the store. Here, the Court need not decide this question, because, as discussed, Plaintiffs have not directly alleged that Park's Beauty Supply employed them.

employed Plaintiffs at Park's Beauty Supply store . . . as store clerks and in other job functions related to [his] beauty store operation." Compl. ¶ 11. They also assert that "[u]pon information and belief, Defendant Hyun Suk Park dominated the day-to-day operating decisions of Parks Beauty Supply, made major personal decisions for Parks Beauty Supply, and had complete control of the alleged activities of Parks Beauty Supply that give rise to the claims brought herein." Compl. ¶ 32. At best, these statements *imply* that Plaintiffs were employed by Park's Beauty Supply. On a motion for default judgment, however, Plaintiffs must actually allege, rather than merely imply, relevant facts in order for the Court to accept them as true. *See Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158 (noting that the court must accept "well pleaded *allegations* of liability" as true) (emphasis added). Plaintiffs directly allege several times that Mr. Park himself was their employer. *See* Compl. ¶¶ 9-11, 13, 31, 33, 38, 45, 54. If they mean to assert the same as to Park's Beauty Supply, they must do so.[4]

Plaintiffs have also plainly failed to satisfy the second prong. They have nowhere alleged that Defendant (or Park's Beauty Supply) had annual revenues of $500,000 or more. Plaintiffs simply cannot establish enterprise coverage without making this allegation. *See, e.g.*, *Zhen Guang Liu v. Da Di Chinese Food, Inc.*, No. 16-CV-937 (MKB) (ST), 2018 WL 1037480, at *5 (E.D.N.Y. Feb. 6, 2018) (recommending summary judgment in favor of defendant solely for plaintiff's failure to establish annual revenues of at least $500,000), *adopted by* 2018 WL 1033246 (E.D.N.Y. Feb. 21, 2018).

---

[4] If Plaintiffs allege that Park's Beauty Supply was their employer, they must also allege that employees within the business "engaged in commerce or in the production of goods for commerce, or employees handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person," 29 U.S.C. § 203(s)(1)(A)), in order to avail themselves of enterprise coverage.

### C.  Plaintiffs have not established individual coverage

To fall under the FLSA's individual coverage provision, the employee must perform work "involving or relating to the movement of persons or things . . . among the several States or between any State and any place outside thereof." *Ethelberth*, 91 F. Supp. 3d at 354 (quoting 29 C.F.R. § 779.103) (emphasis removed). As such, unlike for enterprise coverage, the court must "focus on the activities of the employees and not on the business of the employer" in determining whether the plaintiff qualifies for individual coverage. *See Xelo v. Mavros*, No. 03-CV-3665 (NG) (MDG), 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) (quoting *Mitchell v. Lublin,* 358 U.S. 207, 211 (1959)). "In cases brought under the FLSA alleging that an employee is individually covered, the employee bears the burden of establishing his individual coverage." *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744 (NGG) (JO), 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013) (citing *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000)).

"An employee is 'engaged in commerce' under the meaning of the statute if 'the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity.'" *Jiao v. Shi Ya Chen*, No. 03-CV-165 (DF), 2007 WL 4944767, at *8 (S.D.N.Y. Mar. 30, 2007) (quoting *Mitchell v. C.W. Vollmer & Co.,* 349 U.S. 427, 429 (1955)). Work that directly involves interstate commerce must make up a "substantial part" of the employee's overall employment activities. *Boekemeier*, 86 F. Supp. 2d at 287. As such, the dispositive test for individual coverage asks whether the plaintiff was an employee "in the 'channels of interstate commerce,' as distinguished from [one] who merely affected that commerce." *McCleod v. Threlkeld,* 319 U.S. 491, 494 (1943); *accord Xelo*, 2005 WL 2385724 at *4. "So, handlers of goods for a wholesaler who moves them

interstate on order or to meet the needs of specified customers are in commerce, while *those employees who handle goods after acquisition by a merchant for general local disposition are not.*" *McCleod,* 319 U.S. at 494 (emphasis added).

Plaintiffs have not met the standard for individual coverage under the FLSA. As noted, Plaintiffs have barely described the nature of their employment at all. In their declarations, Plaintiffs merely state that they "worked as store attendant[s]" and that they performed tasks such as "working the [cash register], cleaning the store, customer service, and restocking shelves." Molupe Decl. ¶ 5; *see also* Thompson Decl. ¶ 5. As courts in our Circuit have routinely held, descriptions such as these are insufficient to demonstrate that Plaintiffs were a "part of" the channels of interstate commerce. *See Owusu*, 2013 WL 1680861, at *4 ("Evidence that an employee sometimes engaged in an activity that can be considered interstate commerce, such as bank transactions or mail delivery, is not sufficient to show that the employee was in the channels of commerce rather than merely affecting commerce.") (internal quotation marks omitted); *Locke*, 690 F. Supp. 2d at 90 (regularly delivering mail to the post office was not sufficient to establish a plaintiff's individual coverage under the FLSA); *Xelo,* 2005 WL 2385724, at *4 (making infrequent deposits at banks was not sufficient for the court to consider plaintiff engaged in interstate commerce); *Jones v. SCO Family of Servs.*, 202 F. Supp. 3d 345, 351 (S.D.N.Y. 2016) (finding no individual coverage where plaintiff's "allegations of regular use of items ordered from outside of New York or regular contact with persons and organizations also from out of state are vague, provide no information about the frequency of those contacts, and therefore cannot not support an assertion that a substantial part of Plaintiff's work closely relates to interstate commerce."). As noted, the Supreme Court has explicitly held that handling goods that may have been produced outside the state for local sale, as a retail store clerk might be expected to do, does not establish

eligibility for individual coverage. *McCleod,* 319 U.S. at 494; *see also Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) ("As a basic rule, 'if the plaintiff did not have any contact with out-of-state customers or businesses, he cannot be individually covered under the FLSA.'") (quoting *Li v. Cheng,* No. 10–CV–4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012)) (brackets omitted).

Thus, Plaintiffs have failed to establish that their employment by Defendant is protected by the provisions of the Fair Labor Standards Act. Their Motion for Default Judgment should therefore be denied.

**III.   Whether the Court should exercise supplemental jurisdiction over the state law claims**

The district court "may decline to exercise supplemental jurisdiction," if it has already "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In the "usual case in which all federal-law claims are eliminated before trial," the relevant factors of "judicial economy, convenience, fairness, and comity," which the district court should consider before declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c), will "point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, (1966)); *see also Li,* 2012 WL 1004852, at *6 (declining, at the summary judgment stage, to exercise supplemental jurisdiction over state-law claims after dismissing FLSA claims for lack of enterprise or individual coverage).

The Court recommends denying the FLSA claims contained in Plaintiffs' Motion for Default Judgment, which are the only claims that give rise to federal jurisdiction. The Court therefore also recommends that supplemental jurisdiction not be exercised over Plaintiffs' New York Labor Law claims.

**IV.    Opportunity to amend complaint**

Although Plaintiffs' Motion for Default Judgment should be dismissed due to the deficiencies discussed herein, the Court recommends granting Plaintiffs leave to file an amended complaint (and serve the same on the defendant) within thirty (30) days of the District Court's order on the Motion for Default Judgment. *Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758 (CBA) (LB), 2015 WL 502226, at *2 (E.D.N.Y. Feb. 5, 2015). Should the defendant again fail to respond, Plaintiffs would be able to once more seek an entry of default and move for default judgment pursuant to Federal Rule of Civil Procedure 55. *Id*.

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs' Motion for Default Judgment be DENIED without prejudice and that Plaintiffs be granted leave to file an amended complaint within thirty (30) days of the entry of the District Court's order.

Plaintiffs' counsel is directed to mail a copy of this report and recommendation to Defendant at his last known addresses and file proof thereof with the Court within ten (10) days of the date of filing of this report and recommendation.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas*

*v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Responses to any objections shall

be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).


**SO ORDERED.**

_____/s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Brooklyn, New York
      March 5, 2019