**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

YANIQUE THOMPSON and
SELEMENG MOLUPE,

                    Plaintiffs,            **REPORT AND RECOMMENDATION**

     v.                                  18-CV-0006 (AMD) (ST)

HYUN SUK PARK individually, and
SARPO, INC.

                    Defendants.
----------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

Before this Court is the Second Motion for Default Judgment referred to the undersigned. In their initial Complaint (ECF No. 1), Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL") against Defendant Hyun Suk Park, during Plaintiffs' employment as store clerks at his beauty supply store. Plaintiffs submitted their first motion for default judgment on May 8, 2018. ECF No. 11. On March 20, 2019, Hon. Ann M. Donnelly adopted the Report and Recommendation ("First R&R") recommending denial of Plaintiffs' First Motion for Default Judgment on grounds that Plaintiffs had not adequately pleaded facts demonstrating that their employment is covered under the FLSA. *See* Report and Recommendation, ECF No. 14; Memorandum Decision & Order, ECF No. 15. Plaintiffs were given thirty (30) days to file an amended complaint. *Id.* On April 17, 2019, Plaintiffs filed an Amended Complaint before this Court. Amend. Compl., ECF No. 16. The Amended Complaint names a new corporate defendant, Sarpo Inc. (*id.* ¶ 1) and supplements details regarding the Defendants' yearly gross revenues and the Plaintiffs' duties related to employment at Defendants' beauty supply store. *See id.* ¶¶ 6, 14, 36. The Amended Complaint was served upon

1

Sarpo Inc. and Hyun Suk Park on June 20, 2019. Executed Summonses, ECF No. 19-20. Defendants did not appear in the action, and Plaintiffs obtained a certificate of default from the Clerk of Court against him on August 15, 2019. *See* ECF No. 22. Plaintiffs submitted this second motion for default judgment, including supporting evidence, on November 7, 2019. *See* ECF Nos. 24-26. The Honorable Ann M. Donnelly then referred the motion to the undersigned for a Report & Recommendation. *See* Docket Order (November 18, 2019).

## BACKGROUND

Unless otherwise mentioned, the following facts are drawn from the Plaintiff's Amended Complaint. Plaintiffs Thompson and Molupe worked at "Park·s Beauty Supply" store located at 205-15 Hillside Avenue, Hollis, NY 11423. Amend. Compl., ECF No. 16 ¶ 12. Plaintiffs sue Defendant Park individually, alleging that he owned and controlled Parks Beauty Supply and had the capacity to set the wages, hours, and responsibilities of Plaintiffs. Amend. Compl., ECF No. 16 ¶ 11; Thompson Decl. ¶¶ 3-5, 7; Molupe Decl. ¶¶ 3-5, 7. Defendant Park "is or was an officer, director, shareholder, and/or president or vice president of Parks Beauty Supply." *Id.* ¶ 35. Defendant Park's company, Sarpo Inc, has been added as a defendant in the Amended Complaint. *Id.* ¶¶ 1, 36. Each Plaintiff was personally paid by Defendant Park for their work "either in cash or by personal check from his company "Sarpo Inc." *Id.* ¶ 36. Plaintiffs served "as store clerks and in other job functions related to Defendant's beauty store operation." *Id.* ¶ 12.

Plaintiff Thompson worked for Defendants from approximately 2009 to 2017, and Plaintiff Molupe worked for Defendants from approximately 2012 to 2017. *Id.* ¶¶ 20, 25. Plaintiffs' "duties required them to handle, sell, or otherwise work on goods or materials that have been moved in [sic] produced for commerce" such as "stocking shelves with beauty and hygiene products, cleaning the store using cleaning products, operating the cash register, and assisting customers

with finding store products" *Id.* ¶ 15. Moreover, Plaintiffs state that they were "responsible for various tasks, including cleaning the store, customer service, and restocking shelves." Thompson Decl., ECF No. 25-9 ¶ 5; Molupe Decl., ECF No. 25-10 ¶ 5. In addition to the above, Plaintiff Molupe states that she was responsible for "working the cashier [sic]." Molupe Decl. ¶ 5.

**DISCUSSION**

**I.   LIABILITY**

Plaintiffs initiated this action on April 17, 2019. Amend. Compl., ECF No. 16. In the Amended Complaint, Plaintiffs brought claims for (i) failure to pay overtime compensation in violation of the FLSA (*id.* ¶¶ 39-46) and the NYLL (*id.* ¶¶ 55-64); (ii) failure to pay minimum wage in violation of the FLSA (*id.* ¶¶ 47-54) and the NYLL (*id.* ¶¶ 65-72); (iii) failure to pay the "spread of hours" rate in violation of the NYLL (*id.* ¶¶ 63-78); and (iv) failure to provide wage notices and wage statements in violation of the NYLL (*id.* ¶¶ 79-94). This Court turns to each of these claims.

**1.   Defendants were Plaintiffs' Employers under the FLSA and NYLL**

For a Plaintiff to establish minimum wage and overtime wage violations under the FLSA, they must prove that "(1) Plaintiff was an employee of the Defendant during the relevant period; (2) Defendants were engaged in interstate commerce or in the production of goods for commerce that had gross annual sales of at least $500,000.00 per year during the relevant period; and (3) Defendants failed to pay Plaintiff the minimum wage and overtime wages required under the law." *Lu v. Nisen Sushi of Commack , LLC*, No. 18-CV-7177 (RJD) (ST), 2020 U.S. Dist. LEXIS 46112 (E.D.N.Y. Mar. 14, 2020) (citing *Guardado v. 13 Wall St., Inc.*, No. 15-CV-02482 (DRH)(SIL), 2016 U.S. Dist. LEXIS 167887, at *7-8 (E.D.N.Y. Dec. 2, 2016)).

The alleged facts in the Amended Complaint are sufficient to show that Defendants, Park and Sarpo, Inc. were Plaintiffs' employer within the meaning of the FLSA. *See* Amend. Compl., ECF No. 16 ¶¶ 5-17. The Second Circuit looks to the non-exclusive factors enumerated in *Carter v. Dutchess Cmty. Coll.* when determining who qualifies as an "employer" for the purposes of individual liability. These factors include: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984); *see also Lu v. Nisen Sushi of Commack , LLC*, 2020 U.S. Dist. LEXIS 46112, at *13.

Applying these factors to the allegations here, this Court recommends finding that Defendant Sarpo Inc. and Park are employers of Plaintiffs within the meaning of the FLSA. Plaintiffs allege that they were employed by Defendants as store clerks in the Defendants' beauty supply shop where they were tasked to "handle, sell, or otherwise work on goods or materials that have been moved in produce for commerce"  including stocking shelves with beauty and hygiene products, cleaning the store using clearing products, operating the cash register, and assisting customers with finding store products." *See* Amend. Compl. ¶¶ 12, 15.  As store clerks, Plaintiffs' weekly schedules and work hours were set by the Defendants. Thompson Decl. ¶¶ 7-9; Molupe Decl. ¶¶ 7-9; Amend. Compl., ¶ 36, 21, 23, 26, 28.

Additionally, the allegations are sufficient to establish that Defendant Park, as an individual, was an employer who had operational control over the Plaintiffs' work. *See Lu v. Nisen Sushi of Commack,* 2020 U.S. Dist. LEXIS 46112, at *12-13 ("An individual may be held

liable as an employer under the FLSA so long as he or she exercises "operational control" over the employee in question.") (citing and *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013)). Plaintiffs' declarations demonstrate that "it was Mr. Park who hired [them] and told [them] how much [they were] going to be paid," (ii) that Mr. Park "direct[ed]" their tasks as store attendants, (iii) that "Mr. Park was responsible for telling [them their] weekly schedule[s]," and (iv) that they were "paid in cash by Mr. Park or by personal check from Mr. Park's company 'Sarpo Inc.'" *See* Thompson Decl., ¶¶ 3, 5, 7, 10; Molupe Decl., ¶¶ 3, 5, 7, 10. Applying the *Carter* factors, these allegations sufficiently establish that Mr. Park was Plaintiffs' employer within the meaning of the FLSA, based on his alleged supervisory authority and control over Plaintiffs' work schedules, conditions, wage rate, and method of payment. *See Carter v. Dutchess Cmty. Coll.*, 735 F.2d at 12.[1] Turning now to the NYLL, a covered "employee" is "any individual employed or permitted to work by an employer in any occupation." NYLL § 651(5); *Pichardo v. El Mismo Rincon Latino Corp.*, No. 17-CV-7439-FB-SJB, 2018 U.S. Dist. LEXIS 134792, at *15 (E.D.N.Y. Aug. 7, 2018). There are a number of exemptions to that definition, none of which are applicable in this case. *See* NYLL § 651(5). Therefore, the Court concludes that Defendants were Plaintiffs' under the NYLL. *See id.*; *see also Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 54609, at *12-13 (E.D.N.Y. Mar. 29, 2018) ("NYLL and FLSA definitions are nearly identical, and, as a result, [d]istrict courts in this Circuit have interpreted the definition of employer under the [NYLL] coextensively with the definition used by the FLSA").

---

[1]     An exception here to the formal control test is that Plaintiffs do not allege the fourth factor, that Defendant "maintained employment records," in their declarations. *Irizarry*, 722 F.3d at 110. However, this is explained by Plaintiffs' declaration in which they state that Defendants did not maintain these records and "Mr. Park did not even record the hours that [they] worked." Thompson Decl. ¶¶ 10, 13-14; Molupe Decl. ¶¶ 10, 13-14.

**2.  Enterprise Coverage is Established as to Sarpo Inc.**

As this Court has found that the Defendants were Plaintiffs' employers, the Court must

then determine whether Plaintiffs' employment is covered under the FLSA. The FLSA's

minimum wage and overtime pay apply to those "employees who . . . [are] engaged in commerce

or in the production of goods for commerce, or [are] employed in an enterprise engaged in

commerce or in the production of goods for commerce." *Thompson v. Hyun Suk Park*

("*Thompson I*"), No. 18-CV-0006, 2019 U.S. Dist. LEXIS 36111, 2019 WL 1299194, at *4

(E.D.N.Y. Mar. 5, 2019) (quoting *Shim v. Millennium Group*, No. 08–CV–4022 (FB) (VVP),

2009 WL 211367, at *2 (E.D.N.Y. Jan. 28, 2009). To establish enterprise coverage, the Plaintiffs

must demonstrate that they were employed by an enterprise wherein "(1) employees engaged in

commerce or in the production of goods for commerce, or employees handled, sold, or otherwise

worked on goods or materials that have been moved in or produced for commerce by any person,

and (2) [that] has no less than $500,000 in annual gross volume of sales made or business done."

*Thompson I,* 2019 U.S. Dist. LEXIS 36111, 2019 WL 1299194, at *4 (citing *Locke v. St.

Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010).

This Court previously denied the Plaintiffs' first Motion for Default Judgment (ECF No.

14, 15) on grounds that the initial Complaint did not demonstrate enterprise or individual

coverage. *See Thompson I*, at *4 ("Mr. Park himself is not an enterprise within the meaning of

the FLSA."). Plaintiffs subsequently filed an Amended Complaint adding Sarpo Inc. as a new

Defendant alleging  "upon information and belief, under 29 U.S.C. 201, et seq., and the cases

interpreting the same, the Defendant Sarpo, Inc. constitutes an "enterprise engaged in

commerce" (*Id*. ¶ 13.) and that Sarpo, Inc.'s "gross yearly revenues are in excess of

$500,000.00." Id. ¶¶ 14, 16. Taking these factual allegations as true, this Court finds that

Plaintiffs have established that their claims against Sarpo, Inc. are covered under FLSA's enterprise coverage. In addition, Defendant Park can be found jointly and severally liable along with a corporate employer. *See Fermin v. Las Delicias Peruanas Rest., Inc*., 93 F. Supp. 3d 19, 37 (E.D.N.Y. 2015) (holding that the individual owner of an enterprise may be held jointly and severally liable for wage and hour violations under the FLSA).

### 3. Substantive Violations of FLSA and NYLL

#### a. Minimum Wage Violations

Plaintiffs may establish a minimum wage violation where they were paid less than the minimum wage standards set forth under the FLSA and NYLL. *See Apolinar v. Glob. Deli & Grocery, Inc.*, No. 12-CV-3446 (RJD) (VMS), 2013 U.S. Dist. LEXIS 138137 *15-16 (E.D.N.Y. Aug. 23, 2013).  Due to the Defendants' default in this matter, the Court relies on Plaintiffs' recollection in calculating the number of hours worked, as pled in the Plaintiffs' Amended Complaint and Declarations. *See Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137 *20-1 (citing *Perez v. Yang Cleaners*, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016) ("When a defendant defaults in an action brought under the FLSA, the plaintiff's recollection and estimates of hours worked are presumed to be correct.")); *Nisen Sushi of Commack ,* 2020 U.S. Dist. LEXIS (citation omitted).

Plaintiff Thompson asserts that from 2009 to 2015, she worked six days per week, approximately sixty (60) to sixty-three (63) hours per week and received a flat rate of $350.00 per week. *See* Amend. Compl. ¶¶ 21-22; Thompson Decl. ¶¶ 8-9. This results in an hourly wage of approximately $5.56 to $5.83 which falls below the FLSA and NYLL's minimum wage standards set between 2009 and 2015. *See* N.Y. Lab. Law § 652 (1) (setting minimum wage hourly rates as $7.15 for years 2012 to 2013 and $8.00 for year 2014); *See*

29 U.S.C. § 206(a)(1) (setting minimum wage hourly rate for the relevant period as $7.25).[2]

Plaintiff Molupe also asserts that from 2012 to 2015 she worked six days per week, approximately sixty to sixty-three hours per week and received a flat rate of $350.00 per week. *See* Amend. Compl.  ¶¶ 26-27; Molupe Decl. ¶¶ 8-9. This results in an hourly wage of approximately, $5.56 to $5.83, which was below the minimum wage set under both FLSA and NYLL during the relevant time period. *See id*.

Plaintiffs declare that from 2015 they were paid a rate of $9.00 per hour. *See* Amend. Compl.  ¶¶ 24, 29. This exceeds the FLSA and NYLL minimum wage rates in years 2015 and 2016, but falls below the statutory standards in 2017. Thompson Decl. ¶ 9; Molupe Decl. ¶ 9; N.Y. Lab. Law § 652 (1) (setting minimum wage hourly rate for 2015 as $8.75, for 2016 as $9.00, and for 2017 as $10.50); 29 U.S.C. § 206(a)(1) (setting minimum wage for the relevant period as $7.25). Therefore, I recommend finding liability against Defendants for non-payment of minimum wages for periods worked in years 2012, 2013, 2014, and 2017. *See Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137 *16.

b. Overtime Wage Violations

The FLSA and NYLL requires employers to pay overtime wages, one-and-one-half times the employee's regular rate, for hours worked above forty each week. *See* 29 U.S.C. § 207(a)(1); 12 N.Y. Codes R. & Regs. ("N.Y.C.R.R.") § 142-2.2; *See also Apolinar v. Global Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137, *16. Plaintiffs can establish an

---

[2]      The FLSA "defines regular rate as the total weekly pay divided by the weekly hours." *Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137 *21 (citing 29 U.S.C.S. § 207(e); 29 C.F.R. § 778.109). Here, the plaintiff's average hourly wage is calculated by dividing each plaintiffs' weekly salary by the number of hours worked each week.

overtime wage violation by demonstrating that they were not compensated for overtime work, in which they would be paid time-and-a-half, for hours worked in excess of forty during a single workweek, according to FLSA and NYLL standards. *Apolinar v. Global Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137, *16-17.

Plaintiffs claim that they "regularly worked more than forty hours each week without receiving … wages at a rate of one-and-one half times [their] regular hourly wage for hours worked over forty." *See* Thompson Decl. ¶ 11; Molupe Decl. ¶ 11; Amend. Compl. ¶ 31. Based on their factual allegations in the Amended Complaint and Plaintiffs unopposed declarations, I find that Plaintiff has established a violation of the overtime wage provisions under FLSA and NYLL throughout the entirety of their employment. *See Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137 *16-17 (internal citation omitted); *see also Lu v. Nisen Sushi of Commack , LLC*, 2020 U.S. Dist. LEXIS 46112, at *17-8 (citing *See Jemine v. Dennis*, 901 F. Supp. 2d 365, 375 (E.D.N.Y. 2012) ("Applying the same reasoning used in the FLSA analysis to the state claims, this Court finds that the undisputed allegations in the complaint and default submissions are sufficient to impose liability on defendants under the NYLL overtime . . . provision[]")). Therefore, I recommend that Defendants Park and Sarpo Inc. be held jointly and severally liable for violations of the Federal and State minimum wage and overtime laws.

c. Spread of Hours Violation under NYLL

I also recommend that the Defendants be held liable for violating the spread of hours provisions of the NYLL. Under the NYLL, employees are entitled to recover compensation for an extra hour of work at the minimum wage for every day that the employees work an excess of ten (10) hours. *See* N.Y. C.C.R.R. § 142-2.4; *Guardado v. 13 Wall St., Inc.*, 2016 U.S. Dist. LEXIS 167887, at *24 (internal citation omitted); *Apolinar v. Glob. Deli & Grocery, Inc.*, 2013

9

U.S. Dist. LEXIS 138137 *18. For purposes of determining spread of hours liability, the hours are counted from the beginning to the end of their workday and includes breaks and meal periods. 12 N.Y. C.C.R.R. § 142-2.18 ("The spread of hours is the interval between the beginning and end of an employee's workday. The spread of hours for any day includes working time plus time off for meals plus intervals off duty.").

Throughout their employment, Plaintiffs declare that they regularly worked more than ten (10) hours per day and that they were never paid the extra-hour wage for shifts spanning over ten (10) hours per day. *See* Thompson Decl. ¶ 12; Molupe Decl. ¶ 12; Amend. Compl. ¶¶ 32. Specifically, Plaintiffs allege that prior to 2015, they worked six (6) days per week, approximately sixty (60) to sixty-three (63) hours per week, and "occasionally received thirty (30) minute lunch breaks." Amend. Compl. ¶¶ 21, 25. Plaintiffs additionally declare that beginning in 2015 they worked four days per week, "typically received a 30 minute break," and worked "approximately 40 to 42 hours per week." *See* Thompson Decl. ¶ 8; Molupe Decl. ¶ 8; Amend. Compl. ¶¶ 23, 28.  Based on the alleged facts, I find that Defendants violated the spread of hours provision under the NYLL. *See Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS 138137 *18. Accordingly, I recommend that Defendants Park and Sarpo, Inc, be held jointly liable for the violation of NYLL's spread of hours provision.

d. Wage Theft Prevention Act Violations

It is well-settled that "a failure to furnish a written notice or a wage statement is a violation of the NYLL." *See Lu v. Nisen Sushi of Commack,* 2020 U.S. Dist. LEXIS 46112, at *19 (*citing Garcia v. Ditmars Square, Inc.*, No. 16-CV-166 (NGG) (ST), 2017 U.S. Dist. LEXIS 36433, at *22-23 (E.D.N.Y. Mar. 10, 2017) (internal citations omitted); *see* N.Y. Lab. Law §§ 195(1), 195(3)).

*i. Failure to Provide a written Wage Notice (NYLL §195(1))*

The Wage Theft Prevention Act ("WTPA") amended NYLL §195(1) in 2011 to require employers to provide written notice to employees that contained specific categories of information concerning their wages "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer." *See Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, at *19 (citing *See* N.Y. Lab. Law § 195(1); *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 U.S. Dist. LEXIS 112908, at *29 (E.D.N.Y. July 3, 2019)). A private right of action is also provided to employees in the same amendment. *Id.*; N.Y. Lab. Law § 198(1-b) ("[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by [NYLL § 195(1)], he or she may recover" damages and attorney's fees and costs in a civil action). In 2015, the annual notice requirement was removed from the statute, and employers were only required to provide wage notice at the "time of hiring." *Id.* Further, WTPA became effective on April 9, 2011 and cannot be applied retroactively to claims under NYLL § 195(1) and (3) which are limited to the violations which occurred after the day of WTPA's enactment. *See Pierre v. Hajar, Inc.*, No. 15-CV-02772 (ENV) (RLM), 2018 U.S. Dist. LEXIS 155030 (E.D.N.Y. Mar. 14, 2018) (citing *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 510 (S.D.N.Y. 2017); *Kim v. Kum Gang, Inc.*, No. 12 Civ. 6344 (MHD), 2015 U.S. Dist. LEXIS 39095, 2015 WL 2222438, at *32 (S.D.N.Y. Mar. 19, 2015) (collecting cases)).

Although Plaintiff Thompson alleges that she did not receive proper wage notices during the time of her employment, her claim fails because her employment began before the WTPA notice requirement took effect. Previously, courts in the Second Circuit have found that "an employee who began working before the WTPA took effect on April 9, 2011, may not bring a

claim for an employer's failure to provide wage notices." *Pierre v. Hajar, Inc.*, 2018 U.S. Dist. LEXIS 155030 (citations and quotations omitted). Further, "employees hired after April 9, 2011 may sue for damages under Section 198(1-b) if they were not provided with the initial wage notice upon hiring as required by Section 195(1)(a), but longer term employees, hired before 2011, have no right to recover damages" and "[§] 198(1-b) does not provide for damages for annual notice violations" for the years the employee worked while that requirement was in effect. *See Martinez v. Alimentos Saludables Corp.*, No. 16 CV 1997 (DLI) (CLP), 2017 U.S. Dist. LEXIS 156657, 2017 WL 5033650, at *19-20 (E.D.N.Y. Sept. 22, 2017); *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 555 (S.D.N.Y. 2017) (holding that "because [plaintiff] began working for defendants . . . before [§ 195(1)(a)] took effect . . . he cannot recover for violations of section 195(1)"). Accordingly, as Plaintiff Thompson started her employment in 2009 (Thompson Decl. ¶ 1) prior to the amendment, she is not entitled to recover under section 195(1) and 198(1-b) of the NYLL.

On the other hand, Defendants were required to provide a written wage notice per NYLL §195(1) to Plaintiff Molupe at the time she was first hired in 2012, and an annual notice until 2015 when the annual notice requirement was removed. *See Pierre v. Hajar, Inc.*, 2018 U.S. Dist. LEXIS 155030 (citation omitted); *Lu v. Nisen Sushi of Commack,* 2020 U.S. Dist. LEXIS 46112, at *19 (*citing Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc*., 2019 U.S. Dist. LEXIS 112908, at *29-30). Plaintiff Molupe declares that she "did not receive, at the time [she] was hired, a notice containing information such as [her] rate of pay, whether [she] was paid by the hour, shift, day, or week, [her] regular hourly rate, or [her] overtime rate of pay" from the Defendants. *See* Molupe Decl. ¶ 14; Amend. Compl. ¶¶ 84-85. Taking these declarations as true,

I recommend that Defendants Park and Sarpo, Inc. be held jointly liable for a violation of Plaintiff Molupe's claims under NYLL §195(1).

*ii. Wage Statement Claim (NYLL §195(3))*

Plaintiffs further allege that Defendants failed to provide accurate wage statements as required under NYLL §195(3) containing the following:

> "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages . . . [T]he statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

N.Y. Lab. Law § 195(3). Unlike the wage notice violations under NYLL § 195(1), under NYLL § 195(3) employees may find liability for wage statement violations occurring after its effective date. *See Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 U.S. Dist. LEXIS 112908, at *33-35 (citing *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d at 510-11). Here, Plaintiffs allege and declare that they "did not receive a statement with every payment of wages that identified whether [they were] paid by the hour, shift, day, week, salary, piece, commission, or in another manner." *See* Thompson Decl. ¶ 13; Molupe Decl. ¶ 13; Amend. Compl. ¶¶ 91-92. Taking the allegation and declarations as true, I respectfully recommend that the Court find Defendants Park and Sarpo, Inc. liable for violations of NYLL § 195(3) with regard to both Plaintiffs.

## II. DAMAGES

Having determined the Defendants' liability, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, *21 (citing and quoting *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010)). Here, Plaintiff seeks compensatory

damages, liquidated damages, interest, reasonable attorneys' fees and costs. *See* Amend. Compl., ECF No. 16 at 12-13. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Payamps v. M&M Convenience Deli & Grocery Cor*p., 2019 U.S. Dist. LEXIS 212875, at *28; *see also. Pichardo v. El Mismo Rincon Latino Corp.*, 2018 U.S. Dist. LEXIS 134792, at *20-21. The court must conduct an independent determination as to the amount of damages with reasonable certainty. *See id*. As it is the employer's duty to properly record hours under the FLSA, the plaintiff in a default judgment motion does not need to calculate FLSA damages precisely. *Payamps v. M&M Convenience Deli & Grocery Cor*p., 2019 U.S. Dist. LEXIS 212875, at *28 (citing *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 20-21 (2d Cir. 2002)). This burden of reasonable calculations can be met through a showing of the amount of the hours worked by the plaintiffs through their recollection, which will be presumed to be correct, due to the absence of a rebuttal by the defendants. *See id*.

## 1. Damages for Unpaid Minimum Wages

The FLSA and NYLL both require that Plaintiffs be paid at a rate of at least the minimum wage rate. However, double recovery is prohibited when Plaintiffs bring both FLSA and NYLL minimum wage and overtime wage claims. *See Payamps v. M&M Convenience Deli & Grocery Corp.*, 2019 U.S. Dist. LEXIS 212875, at *29-30 (citations omitted). Hence, where "a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award damages under the statute providing the greatest amount of relief." *Id.* (quotations omitted).

Here, the alleged violations of the applicable minimum wage spans from years 2009 to 2017. Due to the 6-year statute of limitations under the NYLL, Plaintiffs can only recover damages

14

occurring on and after January 2, 2012.[3] *See* N.Y. Lab Law §§ 198(3), 663(3); *Guardado v. 13 Wall St., Inc.*, 2016 U.S. Dist. LEXIS 167887, at \*17.

The below table summarizes the minimum wage standards under the FLSA and NYLL during the relevant periods, the hourly rates that Plaintiffs received, and the total underpaid amount of minimum wages:

| Days Worked in relevant period | FLSA minimum wage | NYLL minimum wage | Plaintiff's paid hourly rate [4] | Total Amount Underpaid per plaintiff [5] |
|---|---|---|---|---|
| Jan. 2, 2012 – Dec. 30, 2013 (104 weeks) | $7.25 / hour | $7.15 / hour | $5.69 / hour | $9,977.76 (combined =$19,955.52) |
| Dec. 31, 2013 – Dec. 30, 2014 (52 weeks) | $7.25 / hour | $8.00 / hour | $5.69 / hour | $7,387.38 (combined = $14,774.76) |

---

[3]    The statute of limitations under the FLSA is two years, but it extends to three years for willful violations. 29 U.S.C. § 255(a); see *Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, \*9 (holding that a violation is considered willful if a plaintiff shows "that the employer either knowingly violated its obligations under the FLSA or showed reckless disregard for whether its conduct was prohibited by that statute."). However, as the NYLL claims encompass the entirely of the FLSA claims in its broader statute of limitations period, this Court need not reach the issue of willfulness under FLSA. *Id.*

[4]    Under FLSA, an employee's regular hourly rate is determined by "dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.1; *see also Pichardo v. El Mismo Rincon Latino Corp.*, 2018 U.S. Dist. LEXIS 134792, at \*10-11. Under New York regulations, "[w]hen an employee is paid on a piece-work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." 12 NYCRR § 142-2.16. Plaintiffs state that until 2015, they were paid a flat wage of approximately $350 per week, and worked approximately 60-63 hours per week, typically receiving a 30 minute break. Thompson Decl. ¶¶ 8-9. While these recollections are somewhat vague, it is fair to calculate the hourly rate as follows: $350.00 / 61.5 hours (mid-range number) = $5.69 / hour. Then, in 2015, Plaintiffs assert that they were paid $9.00 / hour regardless of how many hours they worked, and 40-42 hours per week. The court uses the mid-range number of 41 hours for the hours worked during this period.

[5]    Total Unpaid Payment Amount = [minimum wage rate (the greater between FLSA and NYLL standards) – hourly wage rate received by Plaintiff] x hours worked per week x weeks worked per period. "When the federal minimum wage is higher than New York's minimum wage, New York adopts the higher minimum wage." *Azkour v. Little Rest Twelve, Inc.*, 2012 U.S. Dist. LEXIS 16039, at \*16 n.3 (S.D.N.Y. Feb. 7, 2012). Total number of weeks within the period (rounded). The Plaintiffs worked 6 days per week from 2012 until 2015, and 4 days worked per week from 2015 through the rest of Plaintiff's employment. With regard to Plaintiffs recovery, as they were paid at the same rate and worked the same hours, the only difference arises from the extra 48 days worked by Plaintiff Molupe, after Plaintiff Thompson stopped working for Defendant on October 6, 2017 and Plaintiff Molupe continued on through December 2017.

15

| Dec. 31, 2014- Dec. 30, 2015 (52 weeks) | $7.25 / hour | $8.75 / hour | $9.00 /hour | n/a |
|---|---|---|---|---|
| Dec. 31, 2015 – Dec. 30, 2016 (52 weeks) | $7.25 / hour | $9.00 / hour | $9.00 / hour | n/a |
| Thompson: Dec. 31, 2016- Oct. 6, 2017 (40 weeks); Molupe: Dec. 31, 2016- Dec. 31, 2017 (52 weeks)[6] | $7.25 / hour | $10.50 / hour[7] | $9.00 / hour | Thompson: $2,460; Molupe $3,198 (combined = $5,658) |
| Thompson: $19,825.14; Molupe: $20,563.14; Total (combined): $40,388.28 | | | | |

Therefore, the Court recommends that Plaintiffs Thompson and Molupe be awarded $19,825.14 and $20,563.14, respectively, a total of $40,388.28 in unpaid minimum wages. [8]

---

[6] Plaintiff Molupe alleges in the Amended Complaint (¶ 6) that she worked for Defendants from 2012 to December 2017, but then she states in her Declaration -- signed on May 1, 2018 -- that she had worked for the Defendant through present. Because Plaintiff has the obligation to establish damages to a reasonable certainly, I will use the earlier date, December 2017, as the end date of her employment for purposes of damages calculation.

[7] NYLL sets a minimum wage rate of $10.50 / hour for small employers (less than 11 employees) and $11.00 / hour for large employers (11 employees or more)...*See* NYLL § 652(1)(a)(i)-(ii). Plaintiffs do not plead that Defendants were "large employers" with more than 11 employees. As it is Plaintiffs' obligation to establish their right to damages to a reasonable certainty, I find Plaintiffs are entitled to minimum wage damages based on the rates applicable to small employers in New York City. *See Ramos v. Greenwich Catering Corp.*, No. 18-CV-04790 (VB)(SN), 2020 U.S. Dist. LEXIS 7907, at *15-16 (S.D.N.Y. Jan. 15, 2020) (finding that the small employers' minimum wage rates would apply to the plaintiff's minimum wage rate because plaintiffs failed to plead that the defendants were large employers, and it is the plaintiffs' burden to establish damages to a reasonable certainty.)

[8] This Court's calculation departs from the calculations spreadsheet supplied by Plaintiff's Counsel in support of this motion (Ex. K, Damage Calculations, ECF No. 25-11) in the following ways: First, Plaintiff's Counsel calculated Plaintiff Molupe's damages with the employment end date of October 12, 2017 which is inconsistent with the end date stated in the Amended Complaint: December 2017. *Compare* Exhibit K, Damage Calculations, ECF No. 25-11 *with* Amend. Compl. ¶ 6. Second, Plaintiffs' attorney calculated the amount each plaintiff was owed in multiple periods to be different, even though each plaintiff, within their declaration, claimed to work the same number of days and hours each week, and they were paid at the same rate. *Compare* Exhibit K, Damage Calculations, ECF No. 25-11 *with* Amend. Compl. ¶¶20-29; Molupe Decl., ¶ 8; Thompson Decl., ¶ 8. According to the Amended Complaint and the Declarations which the Court relies on for the calculations, the only difference between each Plaintiff's calculations should be the additional weeks between October and December of 2017 during which time Plaintiff Molupe worked for Defendants and Plaintiff Thompson did not.

## 2. Damages for Unpaid Overtime Wage

The FLSA provides that overtime pay should be calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater, and multiplying the regular rate by one and one-half times. *See* 29 U.S.C. § 207; 29 C.F.R. § 778.107. New York law also requires that employees be compensated at "one and one-half times the employee's regular rate of pay." 12 N.Y. C.C.R.R. § 142-2.2. By multiplying the number of hours worked over forty each week by one-half times the New York State minimum wage rate, FLSA minimum wage rate, or the Plaintiff's hourly wage, whichever is greater during each period, this Court is able to finds that Defendants owe the following amounts in unpaid overtime wages:

| Weeks Worked in relevant period | Regular Rate of Wage or Minimum Wage Rate (whichever is greater) | Applicable Overtime Wage Rate (50% of regular rate) | Number of Hours in Excess of 40 (weekly) | Total Amount of Unpaid Overtime Wage[9] |
|---|---|---|---|---|
| Jan. 2, 2012 – Dec. 30, 2013 (103 weeks) | $7.25 / hour | $3.63 / hour | 21.5 | $8038.64 (combined= $16,077.28) |
| Dec. 31, 2013 – Dec. 30, 2014 (52 weeks) | $8.00 / hour | $4.00 / hour | 21.5 | $4472.00 (combined= $8,944.00) |
| Dec. 31, 2014- Dec. 30, 2015 (52 weeks) | $9.00 / hour | $ 4.50 / hour | 1 | $234.00 (combined= $468.00) |
| Dec. 31, 2015 – Dec. 30, 2016 (52 weeks) | $9.00 / hour | $ 4.50 / hour | 1 | $234.00 (combined= $468.00) |
| Thompson: Dec. 31, 2016- Oct. 6, 2017 (40 weeks); Molupe: Dec. 31, 2016- Dec. 31, 2017 (52 Weeks) | $10.50 / hour | $5.25 / hour | 1 | Thompson: $210.00; Molupe: $273.00 (combined= $441.00) |
| | | | | Thompson: $13,188.64; Molupe: 13,251.64; Total: $26,440.28 |

---

[9]      Total Unpaid Payment Amount of Overtime Premium = [Applicable Overtime Wage Rate x number of hours that exceed 40 in a workweek x number of weeks in a given period.]

Based on the foregoing calculations, I recommend awarding Plaintiffs Thompson and Molupe $13,188.64 and $13,251.64, respectively, $26,440.28 in total amount for unpaid overtime wage damages.[10]

### 3. Damages for Spread of Hours

"Spread of hours compensation is calculated by multiplying the minimum wage by the number of days an employee worked more than ten hours." *Payamps v. M&M Convenience Deli & Grocery Corp.*, 2019 U.S. Dist. LEXIS 212875, at *33; *see* N.Y. Comp. Codes R. & Regs. tit. 12 ("N.Y.C.R.R."), § 142-2.4. Under the NYLL, when an employee is paid at or below the minimum wage, employers are required to provide one additional hour of pay at the "basic minimum hourly wage rate" for spread of hours. N.Y.C.R.R. § 142-2.4; *see* N.Y. Lab. L. § 652.[11]

Plaintiffs declare that they worked 10.5 hour shifts each day from 2012 to 2017. Molupe Decl., ¶ 8; Thompson Decl., ¶ 8. Hence, Plaintiffs are entitled to damages for violation of spread of hours for each day the Plaintiffs worked at or below the minimum wage, with the exception of the work period between Dec. 31, 2014 to Dec. 30, 2015. *See* N.Y. C.R.R. § 142-2.18 ("spread of hours for any day includes working time plus time off for meals plus intervals off duty."); *see*

---

[10]     Further, while the Plaintiff's attorney calculated the overtime rate for 2015 to be $13.13 per hour, the rate would actually be $13.50 per hour, as when calculating overtime wages, if the employees regular rate of pay is higher than the FLSA or NYS minimum wage, the employees regular rate of pay is used for the calculation. *See* 29 U.S.C. § 207; 29 C.F.R. §778.107.

[11]     In this district there is no right to addition spread of hours compensation for periods when an employee earns an hourly wage that exceeds the federal and state minimum hourly wage rate. *See Martir v. Huntington Provisions Inc.*, No. CV 19-2412 (DRH)(AYS), 2020 U.S. Dist. LEXIS 76382, at *9 (E.D.N.Y. Apr. 29, 2020), *adopted by, Martir v. Huntington Provisions Inc.*, 2020 U.S. Dist. LEXIS 91659 (E.D.N.Y., May 26, 2020); *Avelar v. Ed Quiros, Inc.*, No. 13-cv-7017 (ADS)(AYS), 2015 U.S. Dist. LEXIS 128488, at *4 (E.D.N.Y. Sep. 24, 2015)(citing omitted*). Hence, no spread of hour damages shall be assessed for the period between 12/31/2014 and 12/30/2015 as the Plaintiffs were paid at an hourly rate of $9.00 per hour which exceeded the hourly wage under state and federal law for the applicable time period.

*also Martir v. Huntington Provisions Inc.*, No. CV 19-2412 (DRH)(AYS), 2020 U.S. Dist. LEXIS 76382, at *9 (E.D.N.Y. Apr. 29, 2020). I provide the calculation of the spread of hours damages in the following table:

| Plaintiff | Start of Period | End of Period | Weeks Worked (Presumed) | Days worked per week | NYS Minimum Wage per Hour | Spread of Hours Owed per Period |
|---|---|---|---|---|---|---|
| Thompson | 1/2/2012 | 12/30/2013 | 104 | 6 | $7.15 | $4,524.00 |
| Thompson | 12/31/2013 | 12/30/2014 | 52 | 6 | $8.00 | $2,496.00 |
| Thompson | 12/31/2015 | 12/30/2016 | 52 | 4 | $9.00 | $1,872.00 |
| Thompson | 12/31/2016 | 10/6/2017 | 39.71 | 4 | $10.50 | $1,667.82 |
| | | | | | Total: $10,559.82 | |
| | | | | | | |
| Molupe | 1/2/2012 | 12/30/2013 | 104 | 6 | $7.15 | $4,524.00 |
| Molupe | 12/31/2013 | 12/30/2014 | 52 | 6 | $8.00 | $2,496.00 |
| Molupe | 12/31/2015 | 12/30/2016 | 52 | 4 | $9.00 | $1,872.00 |
| Molupe | 12/31/2016 | 12/31/2017 | 52 | 4 | $10.50 | $2,184.00 |
| | | | | | Total: $11,076.00 | |

Based on the foregoing calculations, I recommend awarding $10, 559.82 for Plaintiff Thompson and $11,076.00 for Plaintiff Molupe in damages for unpaid spread of hour pay, in the total amount of $21,635.82.

### 4. Liquidated Damages

Plaintiff seeks liquidated damages under the FLSA and NYLL. Under FLSA, "[a]ny employer who violates the provisions of . . . section 207 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). When the plaintiff is able to demonstrate violations of the overtime, or spread-of-hours provisions, NYLL also provides for liquidated damages "unless the employer proves a

good faith basis to believe that its underpayment of wages was in compliance with the law." *Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, *25-26 (internal citations omitted). An employer is liable for liquidated damages equal to 100% of the total amount of wages found to be due for all NYLL claims which accumulated on or after April 9, 2011,. N.Y. Lab. Law § 198(1-a); § 663(1). Where a Plaintiff brings liquidated damages claims under both FLSA and NYLL, double recovery under both statutes is generally unavailable. *See Chowdhury v. Hamza Express Food Corp.*, 666 Fed. Appx. 59, 60 (2d Cir. 2016).

Here, Plaintiffs seeks liquidated damages under the FLSA and NYLL in an amount equal to 100% of the minimum wage, overtime, and spread of hours damages. Amend. Compl. ¶¶ 64, 72, 78, 87, 94. Under the circumstances here, Plaintiff is entitled to recover "one hundred percent of the total amount of wages found to be due" unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 198(1-a). Here, "by defaulting, Defendants are unable to present evidence of good faith." *See Rowe v. CC Rest. & Bakery, Inc.*, 2019 U.S. Dist. LEXIS 139301, at *23-25; *Santillan v. Henao*, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011) ("Many courts have found that a defendant's default, in itself, may suffice to support a finding of willfulness" for purposes of granting liquidated damages)). Therefore, I recommend that this Court award Plaintiff 100% of the minimum wage, overtime, and spread of hours damages, which equals $88,464.38, as liquidated damages pursuant to the NYLL.

### 5. Damages for Wage Notice and Wage Statement Violations

#### a. Damages for Wage Notice Violation

Plaintiff Molupe has sufficiently alleged that Defendants are liable for written wage notice violations, hence, she is entitled to damages. *See, e.g., Garcia v. Ditmars Square, Inc.*,

2017 U.S. Dist. LEXIS 36433, at *28. Violations of NYLL § 195(1) that occurred between April 9, 2011 and February, 26, 2015 carried damages of $50 per workweek, for a maximum of $2,500. N.Y. Lab. L. § 198(1-b); *See Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, at *27 (citing *Rowe v. CC Rest. & Bakery, Inc.*, 2019 U.S. Dist. LEXIS 139301, at *22). Here, because the alleged wage notice violation occurred in 2012 (time of hire) through the requirements removal in 2015, Plaintiff Molupe is entitled to the maximum damages for violating NYLL §195(1) in the amount of $2,500.

 *ii. Damages for Wage Statement Violations*

  Next, under NYLL § 195(3), both Plaintiffs are entitled to recover $250 for each workday that the violation occurred not to exceed $5,000. *See* NYLL § 198(1-b) (amended February 27, 2015), *See Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, at *27. Here, because Plaintiffs' Amended Complaint and Declarations sufficiently show that they worked "without a wage statement for more than 20 days after February 27, 2015 (when the amendment to Section 195(3) came into effect), [they are] entitled to recover the maximum statutory damages of $5,000" under Section 195(3). *Id*. Therefore, this Court recommends that Defendants be held liable for damages in the amount of $5,000, per Plaintiff, for a total of $10,000 for violation of the NYLL §195(3). In total, this Court recommends that Plaintiff be awarded $12,500 for Defendants' violations of NYLL § 195(1) and NYLL § 195(3).

  **5. Pre- and Post-judgment Interest**

  Plaintiff seeks to recover prejudgment interest on the compensatory damages awarded under the NYLL, calculated at a rate of 9% per year pursuant to New York law. *See* Amend. Compl. at 12-13; *see also* N.Y. C.P.L.R. § 5004. Prejudgment interest can be awarded under the NYLL but not under the FLSA. *Apolinar v. Glob. Deli & Grocery, Inc.*, 2013 U.S. Dist. LEXIS

138137, at *35. Under NYLL, as liquidated damages and prejudgment interest serve

fundamentally different purposes, they may both be awarded. *Apolinar v. Glob. Deli & Grocery,*

*Inc.*, 2013 U.S. Dist. LEXIS 138137, at *35-36 (reasoning that liquidated damages under the

NYLL are meant to "constitute a penalty" on an employer's willful withholding of wages due,

while prejudgment interest serves "to compensate a plaintiff for the loss of use money").[12] Under

NYLL, pre-judgment interest is awarded only on the compensatory damages awarded under the

NYLL and not on the liquidated damages. *Valerio v. K.A.M. Food Store, Inc.*, No. 19 CV 593

(MKB)(LB), 2019 U.S. Dist. LEXIS 221727, at *16 (E.D.N.Y. Dec. 26, 2019) (citing *Fermin v.*

*Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 48 (E.D.N.Y. 2015). Here, Defendants

have been found liable under the NYLL throughout the six-year statute of limitations under the

NYLL from January 2, 2012 until 2017. I recommend that Plaintiffs be awarded prejudgment

---

[12]     Because Plaintiff's are entitled to prejudgment interests on NYLL compensatory damages but not for FLSA damages, courts within the Second Circuit have taken diverging approaches in cases where FLSA and NYLL damages overlap with regard to minimum wage and overtime wage claims. In such cases, some court have only allowed prejudgment interest on claims and periods exclusively covered under the NYLL, and not for those periods and claims covered under both FLSA and NYLL. *See Bedasie v. Mr. Z Towing, Inc.*, No. 13 CV 5453 (CLP), 2017 U.S. Dist. LEXIS 43973, at *145 (E.D.N.Y. Mar. 24, 2017) (awarding prejudgment interest with respect to claims covered under NYLL's statute of limitations that do not include the period covered by the FLSA statute of limitations, and awarding prejudgment interest on spread of hours damages that arise under NYLL and not FLSA); *Dominguez v. B S Supermarket, Inc*., No. 13 CV 7247 (RRM), 2015 U.S. Dist. LEXIS 39670, at *46 (E.D.N.Y. Mar. 5, 2015) ("plaintiff is entitled to receive prejudgment interest for overtime wages only for the period covered by the NYLL statute of limitations, but not by the FLSA statute of limitations."). On the other hand, there is a rising trend in this district to award prejudgment interest for the entire period covered under NYLL statute of limitations, invent if that period and those claims overlap with the FLSA claims. *Cabrera v. Canela*, 412 F. Supp. 3d 167, 184-6 (E.D.N.Y. 2019) (calculating prejudgment interest without splitting the periods covered by both NYLL and FLSA); *Coley v. Vannguard Urban Improvement Ass'n*, 2018 U.S. Dist. LEXIS 54609, at *32-42 (allowing prejudgment interest for unpaid wages and overtime wages for the six-year period covered by NYLL even through it overlapped with FLSA claims). This Court adopts the approach in the latter decisions and calculates the prejudgment interest without splitting the claims. This is in part because after the April 2011 amendment to the NYLL, the liquidated damages a plaintiff could recover was increased from 25% to 100% of the total wages found due, which is equivalent to the amount granted under the FLSA. *Coley,* 2018 U.S. Dist. LEXIS 54609, at *33 n. 7. Therefore, following the 2011 amendment, a court need not rely on FLSA when granting liquidated damages, because NYLL provides for an equal amount in liquidated damages while allowing prejudgment interest, which provides plaintiff greater relief.

interest on their minimum wage, overtime, and spread-of-hours damages under the NYLL throughout this period of time.

Where, as here, the unpaid wages were "incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). Moreover, courts have discretion in selecting a reasonable date from which to award pre-judgment interest, such as the midway point between when the plaintiff began and ended work if damages were incurred at various times. *See Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d at 48; *Santillan v. Henao*, 822 F. Supp. 2d at 298; *Payamps v. M&M Convenience Deli & Grocery Corp.,* 2019 U.S. Dist. LEXIS 212875, at *37.

Here, though the violations date back beyond the NYLL statute of limitations, the reasonable intermediate date would be calculated within the period in which the NYLL claim accrued. *See Gil v. Frantzis*, No. 17-CV-1520-ARR-SJB, 2018 U.S. Dist. LEXIS 141132, at *35 (E.D.N.Y. Aug. 17, 2018); *Artica v. J.B. Custom Masonry & Concrete*, Nos. 09-CV-3796 (RER), 11-CV-0842 (RER), at *6 (E.D.N.Y. Jun. 4, 2012) (calculating midpoint using period subject to NYLL under lawsuit for plaintiff)). Hence, the reasonable midpoint for Plaintiff Thompson, who worked for the Defendants between January 2, 2012 and October 6, 2017 (2105 days) would be November 19, 2014. To calculate the per diem interest rate, the Court multiplies the statutory rate of 9% per annum by the total damages award for Plaintiff Thompson's minimum wage, overtime, and spread of hour wages claims [(.09/365) x $43,573.60] which yields a per diem rate of $10.74. Accordingly, it is respectfully recommended that the Court should calculate the interest award to Plaintiff Thompson by multiplying the daily prejudgment interest rate, $10.74, by the number of days between November 19, 2014 and the date this

judgment is entered. *See Valerio v. K.A.M. Food Store, Inc.*, 2019 U.S. Dist. LEXIS 221727, at *17.

Regarding Plaintiff Molupe, who worked for Defendants between January 2, 2012 and December 31, 2017 (2191 days), a reasonable midpoint would be January 2, 2015. Similarly, to calculate the per diem interest rate, the Court multiplies the statutory rate of 9% per annum by the total damages award for Plaintiff Molupe's minimum wage, overtime, and spread of hour wages claims, [(.09/365) x $44,890.78], which yields a per diem rate of $11.07. Accordingly, it is respectfully recommended that the Court should calculate the interest award to Plaintiff Molupe by multiplying the daily prejudgment interest rate, $11.07, by the number of days between January 2, 2015 and the date this judgment is entered. *See Valerio v. K.A.M. Food Store, Inc.*, 2019 U.S. Dist. LEXIS 221727, at *17.

Plaintiff also seeks post-judgment interest. *See* Amend. Compl. at 12-13. Pursuant to 28 U.S.C. § 1961, I find that Plaintiff is entitled to post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment. *See e.g., Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, *33-34.

### 6. Attorney's Fees and Costs

The FLSA and the NYLL both provide for recovery of attorney's fees and costs in the event of successful wage protection claims. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. § 198(4); N.Y. Lab. L. § 663(4). Plaintiffs request that the Court award attorney's fees and costs. Amend. Compl. at 12, 13. Plaintiffs seek a total of $7,425.00 in attorney's fees and $642.05 in costs (Ex. L, Billing Sheet, ECF No. 25-12).  Plaintiff's counsel has submitted contemporaneous billing records showing the dates and amount of time during which services were rendered, the hourly rate at which services were charged, in addition to the names of the attorney performing the work

24

and type of services rendered. Ex. L, Billing Sheet, ECF No. 25-12. Plaintiff also requests

reimbursement for costs expenses incurred in connection with the claim. Ex. L, Billing Sheet,

ECF No. 25-12.

a. Attorney's Fees

To calculate reasonable attorneys' fees, Courts use the "lodestar" method, multiplying the

number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. *See Lu v.*

*Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, *30-31 (citing *Perdue v. Kenny*

*A.*, 559 U.S. 542, 546, 551-52, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010); *Millea v. Metro-North*

*R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). Although there is a "strong presumption that this

amount represents a reasonable fee," the court may adjust the resulting number based on certain

other factors. *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *46 (citing and

quoting *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).The courts in this district

set forth the following factors to consider in determining a reasonable hourly rate:

> 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the
> level of skill required to perform the legal service properly; 4) the preclusion of
> employment by the attorney due to acceptance of the case; 5) the attorney's
> customary hourly rate; 6) whether the fee is fixed or contingent; 7) the time
> limitations imposed by the client or the circumstances; 8) the amount involved in
> the case and the results obtained; 9) the experience, reputation, and ability of the
> attorneys; 10) the "undesirability" of the case; 11) the nature and length of the
> professional relationship with the client; and 12) awards in similar cases[.]

*See e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182,

183 (2d Cir. 2008). Here, Plaintiff was represented by the law firm of Virginia & Ambinder, LLP

(the "Law Firm"). Plaintiffs seek an hourly rate of $250.00 for the work of Michele Moreno,

Esq., Associate Attorney in the Firm, since 2015, who regularly represents clients in wage and

hour litigation. Attorney Decl., ECF. No. 25  ¶ 29.  Given that this work involved a simple

matter of default, and considering Ms. Moreno's level of experience, this Court recommends that

Ms. Moreno's hourly billing rate be reduced to $200 per hour. *Gomez v. Midwood Lumber &*
*Millwork, Inc.*, No. 17-CV-3064(KAM)(JO), 2018 U.S. Dist. LEXIS 101019, at *13 (E.D.N.Y.
June 17, 2018) ("The court will apply an hourly rate of $200 for Ms. Moreno, which is the
midpoint of the range of fees typically awarded for associates in this district."); *Cooper v.*
*Dieugenia*, No. 14-CV-6136, 2018 U.S. Dist. LEXIS 76800, 2018 WL 2103200, at *3 (E.D.N.Y.
May 7, 2018) (reducing the $300 rate of an associate with four years of experience to $200 an
hour because $300 was "considerably higher" than what was generally approved in this district
for attorneys with comparable experience).

Similarly, the Attorney's Declaration informs this Court that Plaintiff also seeks an
hourly rate of $125.00 for the work of paralegals, law clerks, and support staff at the Law Firm,
including Alexa Cernigli, Marta Nadgorska, and Christina Isnardi. Attorney Decl., Attorney
Decl., ECF. No. 25  ¶ 30. There is no information provided aside from their status as either
paralegals, law clerks, and support staff to support their hourly rate. Additionally, Plaintiff lists
and seeks an hourly rate of $125 for Paige Piazza, who is not listed in the Attorney Declaration
and whose position at Law Firm is not identified. Ex. L, Billing Sheet, ECF No. 25-12 at 3.

Within this district, the requested rate of $125 per hour is at the higher end of what courts
in this district award for the work done by paralegals. *See Tarazona v. Rotana Cafe & Rest. Inc.*,
No. 16-CV-76, 2017 U.S. Dist. LEXIS 99572, 2017 WL 2788787, at *2 (E.D.N.Y. June 27,
2017) (reducing a requested hourly rate of $125 to $75 an hour for a paralegal who had been
working in the office since 2007); *see also Kliger v. Liberty Saverite Supermarket Inc.*, No. 17-
CV-2520, 2018 U.S. Dist. LEXIS 159450, 2018 WL 4782342, at *10 (E.D.N.Y. Sept. 17,
2018) ("Paralegals and preadmission associates typically receive an hourly rate of $75 in this
district for these types of [FLSA default judgment] cases.").

Therefore, based on what this district has recently awarded for support staff at the firm of Virginia & Ambinder, and generally in default FLSA and NYLL cases, this Court recommends that their rates be reduced to $85 per hour. *See e.g.*, *Saucedo v. On the Spot Audio Corp.*, No. 16 CV 00451 (CBA) (CLP), 2016 U.S. Dist. LEXIS 177680, at *51 (E.D.N.Y. Dec. 21, 2016) (awarding Virginia & Ambinder the rate of $80.00 per hour for the work of litigation support professionals); *Garcia v. Chirping Chicken NYC, Inc.*, No. 15 CV 2335 (JBW) (CLP), 2016 U.S. Dist. LEXIS 32750, at *61-62 (E.D.N.Y. Mar. 11, 2016) (awarding Virginia & Ambinder $90.00 per hour for the work of litigation support professionals, reduced from $125).

Next, the Court evaluates the reasonableness of the number of hours billed by counsel based on the review of the fee application, and excludes "excessive, redundant or otherwise unnecessary hours." *See, e.g., Bliven v. Hunt,* 579 F.3d 204, 213 (2d Cir. 2009). Rather than "set forth item-by-item findings concerning what may be countless objections to individual billing items" the court has the discretion to reduce the requested award of attorney's fees by an overall percentage for "duplicative, vague, or excessive billing entries." *De Ping Song v. 47 Old Country, Inc.*, No. 09-cv-5566 (LDW)(SIL), 2015 U.S. Dist. LEXIS 177623, at *14 (E.D.N.Y. Oct. 1, 2015).  Moreover, courts may reduce attorney's fees awards based on the degree of success attained. *See Leevson v. Aqualife USA, Inc.*, 296 F. Supp. 3d 503, 526 (E.D.N.Y. 2017) ("The court has considered plaintiffs' affirmation in support of attorney's fees and finds that plaintiffs' hours and rate are reasonable, but must be reduced to reflect plaintiffs' degree of success.")).

Having thoroughly reviewed the billing records, I recommend reducing fees by 20% reflective of the unsuccessful attempt at a first motion for default judgement, which amounts to a significant portion of the hours billed and is duplicative of the second motion for default

27

judgment. ECF No. 11. *See Quinn v. Nassau Cty. Police Dept.*, 75 F. Supp. 2d 74, 79 (E.D.N.Y. 2009) ("[T]he Court finds that a general lodestar reduction of 10% is appropriate to reflect the lack of complete success achieved by Plaintiff.").Therefore, I recommend granting attorneys' fees in the total amount of $4,416.00 as calculated below:

| Employee | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Michele Mpreno ("MM") | 15.70 | 200.00 | $3140.00 |
| Alexa Cerniglia ("AC") | 10.00 | 85.00 | $850.00 |
| Marta Nadgorska ("MN") | 9.30 | 85.00 | $790.50 |
| Paige Piazza ("PP") | 0.10 | 85.00 | $8.50 |
| Christina Isnardi ("CI") | 8.60 | 85.00 | $731.00 |
| | | Sub-Total: | $5520.00 |
| | | 20% Reduction: | $1104.00 |
| | | Total Fees Awarded: | $4416.00 |

### b. Costs

"Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorney's fees." *Cortes v. Warb Corp.*, No. 14-CV-7562 (FB) (RER), 2016 U.S. Dist. LEXIS 34243, at *18 (E.D.N.Y. Mar. 15, 2016) The party moving to recover attorney's fees and costs has the burden of demonstrating the reasonableness of each charge and the lack of adequate documentation of the costs incurred will limit, or possibly even defeat such recovery. *See, e.g., Piedra v. Ecua Rest., Inc*., 2018 U.S. Dist. LEXIS 16863, at *53 (citing *Koon Chun Hing Kee Soy & Sauce Factory*, *Ltd. v. Star Mark Mgmt.*, No. 04 CV 2293, 2009 U.S. Dist. LEXIS 119707, 2009 WL 5185808 at *9-10 (E.D.N.Y. Dec. 23, 2009) (reducing award of costs where certain costs were not properly documented).

Here, Plaintiffs seek to recover $642.05 in costs, including the filing fee in this district of $400.00 and the service of process fees of $185.00 associated with the filing and service of the complaints in this case. Ex. L, Billing Sheet, ECF No. 25-12. As court filing fees and service of

process fees are routinely recoverable, I respectfully recommend that Plaintiff be awarded $520.00 which reflects the properly documented filing fees and service and process fees, but eliminates redundant costs incurred from the unsuccessful first motion for default judgment. *See* ECF. No. 25-12; *Lu v. Nisen Sushi of Commack, LLC*, 2020 U.S. Dist. LEXIS 46112, *32 (citing *See Zurita v. High Definition Fitness Ctr., Inc.*, 2016 U.S. Dist. LEXIS 76074, 2016 WL 3619527, at *11 (E.D.N.Y. June 9, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 84574, 2016 WL 3636020 (E.D.N.Y. June 29, 2016)).

Plaintiffs also seek to recover LexisNexis research fees in the amount of $46.32, Courtlink research fees in the amount of $0.23, and PACER fees in the amount of $10.50. While this Court has permitted recovery of such categories of costs on some occasions, here, Plaintiffs have failed to provide sufficient documentation to support these costs. *Piedra v. Ecua Rest., Inc.*, 2018 U.S. Dist. LEXIS 16863, at *54 ("the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services, without additional supporting documentation for those costs"); see also, *Cortes v. Warb Corp.*, 2016 U.S. Dist. LEXIS 34243 at *19 (granting fees associated with PACER when the Plaintiff provided receipts).Accordingly, the Court will decline to award fees associated with PACER, Courtlink, and LexisNexis research. Therefore, I respectfully recommend awarding a total amount of $520.00 for costs.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this Court issue an order granting Plaintiffs' motion for default judgment and holding Defendants Park and Sarpo Inc. jointly and severally liable for a judgment in the total amount of $194,364.76:

(i) $40,388.28 in Unpaid Minimum Wages,

(iii) $26,440.28 in Unpaid Overtime Wages,

(ii) $21,635.82 in Spread of Hours pay,

(iii) $88,464.38 in Liquidated Damages,

(iv) pre-judgment and post-judgment interest,

(v) $12,500.00 in statutory damages (WTPA); and

(vi) $4,416.00 in attorneys' fees and $520 in costs.

Plaintiffs' counsel is directed to serve copies of this Report and Recommendation upon Defendants at their respective last known address and to file proof of service with the Court within three (3) days of the date of filing of this Report and Recommendation.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report

and Recommendation to file written objections. Failure to file timely objections shall constitute a

waiver of those objections both in the District Court and on later appeal to the United States

Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46

(2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see

also Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).


**SO ORDERED.**

                                      /s/

                              Steven L. Tiscione

                              United States Magistrate Judge

                              Eastern District of New York


Dated: Central Islip, New York

        September 1, 2020